In the Matter of FRANCES TWOMEY, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Respondents.

Supreme Court, Special Term, Bronx County, July 27, 1953.

*Francis X. Dunn* for petitioner.

*Robert H. Schaffer* for respondents.

MATTHEW M. LEVY, J.   The desire of a landlord to obtain possession of rented residential premises so that he might have them occupied by a member of his immediate family for the purpose of the latter (instead of himself) rendering janitorial services in the dwelling is generally a matter of mere convenience — and this is so, nothwithstanding that the desire may be motivated by the landlord's illness.   On the other hand, the relative's close watch and care of the person of the landlord, if required because of the latter's physical incapacity, may well be a matter of immediate and compelling necessity.   In one case, a certificate authorizing eviction of the tenant is not obtainable from the Temporary State Housing Rent Commission; in the other case it is granted (Rent and Eviction Regulations, § 55, subd. 1).   At times, the line of demarcation between convenience and necessity is a difficult line to draw.   It must of course be drawn — at least in the first instance — by the Administrator; and that should be after full and complete presentation and consideration of all the facts.

The landlord's petition in the proceeding at bar indicates that she is now eighty years of age and her husband eighty-two, with both in poor health, and with the landlord particularly ill. The issue of good faith has been decided in the petitioner's favor, but her protest was overruled on the basis that it was not deemed to be a matter of immediate and compelling necessity to

have her daughter relieve her of the janitorial work. That is probably so — since outside help might be hired for that purpose — and I would not disturb the Administrator's determination were that all that the record discloses. But, in my view, the determination does not go far enough. The claim of the petitioner is not alone that she desires the presence of her daughter and family on the premises for the performance of janitorial services, but also, in the language of her doctor's letter, because she is suffering from "generalized arteriosclerosis, hypertension, chronic skin condition and general debility", and therefore is "physically unfit to perform her household duties and requires assistance".

It may be that the petitioner did not, at the hearing before the Administrator, sufficiently press the point as to her physical need for personal care as distinguished from her wish for janitorial attention to the dwelling. I think, however, that the situation warrants going into that phase of the claim.* Under all the facts and circumstances in this case, the interests of justice will best be served by remitting the matter to the commission to take further and other proof as to the landlord's and her husband's medical and physical condition, and any other evidence relevant and material on the issuance of a certificate in pursuance of the Rent and Eviction Regulations. Order signed.

---

* The proceeding involves an occupancy in a dwelling containing apartments for three families, and thus section 83 of the Multiple Dwelling Law is not applicable.